UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

LAROLD JAMES LEE,

    Petitioner,

v.

A. HEDGPETH,

    Respondent.

NO. CV-06-2679-LRS

**ORDER DENYING
§2254 PETITION**

**BEFORE THE COURT** is the Petitioner's Amended Petition for Habeas Corpus Relief pursuant to 28 U.S.C. Section 2254 (Ct. Rec. 6).

The Amended Petition sets forth in summary and conclusory fashion four separate grounds for relief. The Petition is not accompanied by any memorandum of authorities, nor does it cite to any evidence in the record. In response thereto, the Respondent has filed a detailed Answer (Ct. Rec. 13) which includes a memorandum of authorities and citations to the record. Petitioner did not file a "traverse" in reply to Respondent's Answer.

**I. DISCUSSION**

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

**ORDER DENYING
§2254 PETITION -**     **1**

proceedings. 28 U.S.C. § 2254(d).

Under Section 2254(d)(1), a state court decision is "contrary to" clearly established Supreme Court precedent if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

Under the "unreasonable application" clause of § 2254(d)(2), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 412. The court looks to the last reasoned state court decision as the basis for the state court judgment. *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002).

### A. Sufficient Evidence To Warrant "Great Bodily Injury" Enhancement

There was sufficient evidence to support the finding of the Siskiyou County Superior Court jury in case number 03-1999 that Petitioner, beyond a reasonable doubt, had inflicted "great bodily injury" upon his victim. The decision of the California Court of Appeal, Third Appellate District, in affirming the jury determination in its February 14, 2006 unpublished opinion, *People v. Lee*, 2006 WL 331366 at *4-5, was not contrary to, and did not involve an unreasonable application of, clearly established law as determined by the Supreme Court of the United States; and/or was not based on an unreasonable determination of the facts

**ORDER DENYING**
**§2254 PETITION -** 2

in light of the evidence presented in the State court proceedings.

### B. Constitutionality Of "Upper-Term" Sentence

The jury's "great bodily injury" finding pursuant to Cal. Penal Code § 12022.7(e) subjected Petitioner to an additional and consecutive term of imprisonment of three, four, or five years.[1] At the time that Petitioner was sentenced, Cal. Penal Code § 1170(b), part of California's "Determinate Sentencing Law" or "DSL," specified that "[w]hen a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime." At the time that Petitioner was sentenced, the California Rules of Court, specifically Cal. R. Ct. 4.420(b), specified that "circumstances in aggravation and mitigation must be established by a preponderance of the evidence," and "[s]election of the upper term is justified only if, after a consideration of all the relevant facts, the circumstances in aggravation outweigh the circumstances in mitigation." The sentencing judge selected the upper term of five years, finding that certain aggravated circumstances had been established by a preponderance of the evidence. A non-exhaustive list of aggravating factors found in Cal. R. Ct. 4.421, and relied upon by the sentencing judge, include: 1) the crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness; 2) the defendant has engaged in violent conduct that indicates a serious danger to society; 3) the defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness; 4) the

---

[1] Any person who personally inflicts great bodily injury under circumstances involving domestic violence in the commission of a felony or an attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for three, four, or five years.

**ORDER DENYING**
**§2254 PETITION -**               **3**

defendant has served a prior prison term; and 5) the defendant was on probation or parole when the crime was committed.

In *People v. Black* ("*Black I*"), 35 Cal. 4th 1238, 29 Cal. Rptr. 3d 740, 113 P.3d 534 (2005), the California Supreme Court held California's DSL and the upper term sentencing procedure was not invalidated by the U.S. Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 304-05, 124 S.Ct. 2531 (2004). In *Cunningham v. California*, 549 U.S. 270, 127 S.Ct. 856 (2007), however, the U.S. Supreme Court vacated *Black* and held that by placing sentence-elevating factfinding within the judge's province, California's DSL violates a defendant's Sixth and Fourteenth Amendment rights to trial by jury. The Court found that in all material respects, California's DSL resembled the sentencing systems invalidated in *Blakely* and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005).

In *Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008), the Ninth Circuit Court of Appeals found that *Cunningham* did not announce a new rule of constitutional law within the meaning of *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060 (1989), and therefore, could be applied retroactively on collateral review. In the case at bar, Petitioner's conviction did not become final until after April 26, 2006, when the California Supreme Court denied his petition for review.[2] At that time, *Blakely* (2004) and *Booker* (2005), as well as *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000), represented clearly established law that sentencing schemes that raise the maximum possible term based on facts not found by a jury violate the constitutional rights of a defendant. *Butler*, 528 F.3d at 639. Consequently, with regard to Petitioner, *Cunningham* did not announce a new rule of constitutional law

---

[2] The conviction became final on July 25, 2006, 90 days after expiration of the period for Petitioner to file a petition for writ of certiorari with the United States Supreme Court. *United States v. Garcia*, 210 F.3d 1058, 1059-60 (9th Cir. 2000).

**ORDER DENYING**
**§2254 PETITION -           4**

and may be applied retroactively to him on collateral review (to-wit, a Section 2254 petition).

Nonetheless, this court concludes that Petitioner's upper term sentence does not violate the Sixth Amendment.  Prior convictions are excepted from the requirement that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury.  *Apprendi*, 530 U.S. at 490.  Under California law, only one aggravating factor is necessary to set the upper term as the maximum sentence.  *Butler*, 528 F.3d at 641; *People v. Black* ("*Black II*"), 41 Cal. 4th 799, 815, 62 Cal.Rptr. 3d 569, 161 P.3d 1130 (2007).  In *Black II*, the California Supreme Court concluded the defendant's sentence was not unconstitutional because reliance on a prior conviction was appropriate per the U.S. Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224, 244, 118 S.Ct. 1219 (1998), holding that the fact of a prior conviction need not be pleaded in an indictment or proved to a jury beyond a reasonable doubt.

In the captioned matter, the trial court, in sentencing the Petitioner, relied in part on his prior convictions, *People v. Lee*, 2006 WL 331366 at *1 ("[t]he trial court found that defendant had suffered three prior convictions, alleged as . . . serious felonies"),[3] and the fact he had previously served a prison term.[4]  The fact of Petitioner's prior convictions was sufficient, by itself, to subject Petitioner to the upper term.  The trial court was free to exercise discretion in sentencing the Petitioner as it did and therefore, Petitioner's sentence is not unconstitutional and no habeas relief is warranted on ground two of Petitioner's amended petition.  See *Smith v. Harrison*, 2008 WL 4396656 at *15 (C.D. Cal. 2008).  The sentence was

---

[3] Petitioner does not dispute that he had eight prior felony convictions.  (Respondent's Answer at p. 23).

[4] That Petitioner was on probation at the time he committed a crime does not come within the *Almendarez-Torres* exception.  *Butler*, 528 F.3d at 641.

**ORDER DENYING**
**§2254 PETITION -              5**

not contrary to, and did not involve an unreasonable application of, clearly established law as determined by the Supreme Court of the United States.

### C. Admission Of Evidence Of Prior Instances Of Domestic Violence

The decision of the California Court of Appeal, finding it was not a violation of Petitioner's federal constitutional right to due process of law for the trial court to admit evidence of prior instances of domestic violence by the Petitioner, 2006 WL 331366 at *5-8, was not contrary to, and did not involve an unreasonable application of, clearly established law as determined by the Supreme Court of the United States. The Supreme Court has expressly reserved the question of whether propensity evidence violates the Due Process Clause. *Estelle v. McGuire*, 502 U.S. 62, 75 n.5, 112 S.Ct. 475 (1991). Nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

### D. Fact That Certain Evidence Was Not Introduced At Trial

Petitioner contends it was never brought up at trial that H.P, his former romantic partner, was on medication for mental health, nor that K.M., his wife and the victim of his crime of conviction, had started taking medication for depression.

This claim does not allege a violation of the federal Constitution, the laws, or treaties of the United States. Therefore, the claim fails to state a basis for federal habeas relief. *Estelle*, 502 U.S. at 68.

//
//
//
//

### III. CONCLUSION

**ORDER DENYING**
**§2254 PETITION -**               **6**

1   For the foregoing reasons, Petitioner's Amended §2254 Petition (Ct. Rec. 6) is **DENIED**.

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this order and forward a copy to the Petitioner and to counsel for the Respondent. Judgment shall be entered accordingly.

**DATED** this   23rd   day of January, 2009.

*s/Lonny R. Suko*

LONNY R. SUKO
United States District Judge

**ORDER DENYING
§2254 PETITION -               7**