UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

LAROLD JAMES LEE, )
                ) NO. CV-06-2679-LRS
     Petitioner, )
                ) **ORDER DENYING**
  v. ) **MOTION TO VACATE**
                ) **JUDGMENT,** *INTER ALIA*
A. HEDGPETH, )
     Respondent. )
_____ )

       On January 23, 2009, this court signed an order denying Petitioner's 28 U.S.C. Section 2254 habeas petition. The order was filed, as was the judgment, on January 26, 2009 (Ct. Rec. 17 and 18).

       Petitioner has filed a motion which seeks to vacate the judgment pursuant to Fed. R. Civ. P. 60(b)(1) on the basis of inadvertence, excusable neglect, mistake and surprise. (Ct. Rec. 19). Petitioner alleges he was "under the impression" he had a lawyer dealing with the issues presented by his petition and claims he requested one. Along with his motion to vacate, Petitioner has filed a motion for appointment of counsel (Ct. Rec. 21). Petitioner alleges he is disabled and in addition, that he has no knowledge of the law.

       A petitioner is not entitled to appointment of counsel in Section 2254 proceedings. *Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). Furthermore, the record does not indicate that Petitioner made a previous request for counsel. The Amended Petition (Ct. Rec. 6) filed by Petitioner adequately articulated the basis of each of his legal claims, even if the Amended Petition was not accompanied by a memorandum of authorities and did not cite to any evidence in

**ORDER DENYING MOTION
TO VACATE JUDGMENT-**         **1**

1  the record.  The court was able to intelligently analyze those claims based on the
2  record provided by the Respondent.  This is confirmed by the court's order
3  denying the petition.  Adequate articulation of the claims, combined with the fact
4  there was not a strong likelihood of Petitioner succeeding on the merits of any of
5  those claims, again confirmed by the court's order, would have resulted in a denial
6  of any request for appointed counsel.  Petitioner was not required to file a
7  "traverse" or reply brief.  The failure to do so did not necessarily prejudice
8  Petitioner.  In any event, the record reflects that Petitioner had been advised on at
9  least one occasion that he could file a reply to the response to be filed by
10 Respondent.  (See Ct. Rec. 8).

   Petitioner's Motion To Vacate Judgment (Ct. Rec. 19) is **DENIED** and his Motion For The Appointment Of Counsel (Ct. Rec. 21) is **DISMISSED as moot**.

   **IT IS SO ORDERED**.  The District Court Executive is directed to enter this order and forward a copy to the Petitioner and to counsel for the Respondent.

   **DATED** this   13th   day of August, 2009.

   *s/Lonny R. Suko*
   _____
   LONNY R. SUKO
   Chief United States District Judge

**ORDER DENYING MOTION
TO VACATE JUDGMENT-**                    2